UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREVION MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2952 |
| | § | |
| DEVON ANDERSON, *Harris County District Attorney*, SHERIFF'S DEPUTY F.N.U. BARBOSA, SHERIFF'S DEPUTY F.N.U. STEVENSON, SHERIFF'S DEPUTY JOHN DOE, UNKNOWN DEPARTMENT OF PUBLIC SAFETY OFFICIALS, RON HICKMAN, *Sheriff of Harris County*, AND COMMISSIONERS COURT OF HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a joint motion to dismiss filed by defendants Devon Anderson, Ron Hickman, and Commissioners Court of Harris County (the "Commissioners Court") (collectively, "Defendants"). Dkt. 6. Because plaintiff Trevion Mason has not responded, the court will treat the motion as unopposed. S.D. Tex. L.R. 7.4. After considering the motion and applicable law, the court finds that the motion should be GRANTED.

**I. BACKGROUND**

Although his complaint is unclear, Mason appears to have raised four claims against Defendants. Dkt. 1, Ex. 3 at 10–18. Mason alleges that Defendants (1) infringed upon his purported rights as a sovereign citizen, (2) are involved in a conspiracy in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("R.I.C.O.") statute, (3) used excessive force against him in violation of his civil rights under 42 U.S.C. § 1983, and (4) violated his right to equal protection under the Fourteenth Amendment of the United States Constitution. *Id*.

All of the claims asserted in Mason's complaint stem from two incidents. *Id.* at 11–15. The first incident occurred on December 4, 2014, when officers of the Texas Department of Public Safety executed a sting operation in Katy, Texas and arrested Mason for engaging in organized criminal activity and possession with intent to deliver a controlled substance. *Id.* at 12; Dkt. 6 at 7–8. Mason was subsequently indicted for these offenses, and these cases remain pending in the 176th District Court of Harris County, Texas. Dkt. 6 at 8. Anderson is the District Attorney of Harris County, Texas, and her office is prosecuting Mason pursuant to these offenses. Mason alleges that Anderson and others acting on her behalf targeted him and filed a fraudulent complaint against him. Dkt. 1, Ex. 3 at 10–13.

While Mason was detained in Harris County Jail and awaiting trial on the offenses described above, a second incident occurred. Dkt. 1, Ex. 3 at 14–15. On July 5, 2015, Mason was involved in an alleged excessive use-of-force incident at Harris County Jail. *Id.* Mason claims that officials at the Harris County Jail took him to the ground and choked, punched, and kicked him. *Id.* As a result of the incident, Mason was indicted for assaulting a public servant. Dkt. 6 at 8. Harris County records reflect that this case is still pending in the 176th District Court of Harris County, Texas. *Id.* Hickman is the Sheriff of Harris County, Texas. Mason alleges that Hickman failed to maintain proper supervision over correctional officers at Harris County Jail during this incident. Dkt. 1, Ex. 3 at 13–16.

In response to these two incidents, Mason sued Defendants in state court. Dkt. 1, Ex. 3. To date, Mason has only served Anderson, Hickman, and the Commissioners Court. *See* Dkt. 1 at 2; Dkt. 1, Ex. 3 at 29, 33, 37. Defendants removed the case to this court on October 8, 2015. Dkt. 1.

On April 15, 2016, Defendants filed a joint motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. In support of this motion, Defendants argue that (1) Mason's sovereign citizen claims are frivolous and have never been accepted by a court; (2) Mason's R.I.C.O. claims are frivolous and not supported by facts or law; and (3) this court should abstain from hearing Mason's constitutional claims of excessive force and equal protection pursuant to the *Younger* doctrine. Dkt. 6 at 15–19.

Defendants' motion became ripe on May 6, 2016, and Mason has not filed a response. Under the Southern District of Texas Local Rules, a "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679. Because "a Rule 12(b)(6) motion is viewed with disfavor and

rarely granted, a complaint may not be dismissed unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (emphasis added) (internal quotations omitted).

### III. LAW & ANALYSIS

Although Mason's complaint primarily focuses on his sovereign citizen and R.I.C.O. claims, he also mentions an alleged use of excessive force incident and alludes to an equal protection violation. Dkt. 1, Ex. 3 at 14, 17. Out of an abundance of caution, the court will briefly address these potential claims.

### A.     *Sovereign Citizen Claims*

To state a constitutional claim under 42 U.S.C. § 1983, a plaintiff must allege that a state actor violated rights secured by the Constitution. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Mason's primary claim is that he is a sovereign citizen and is therefore not subject to arrest, detention, or prosecution for committing a criminal offense. Dkt. 1, Ex. 3 at 10. Mason claims that his perceived status as a sovereign citizen who is not subject to the laws of the State of Texas is grounded in the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. *Id*. at 7–13. He also argues that sovereign citizen rights have been "merely reaffirmed" in the First, Fourth, Thirteenth, and Fourteenth Amendments of the United States Constitution. *Id*. 10.

However, there is no constitutional support for the sovereign citizen claims asserted by Mason in an attempt to escape the authority of Defendants. In fact, the Constitution explicitly declares the opposite. The Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1. Moreover, Mason cannot claim sovereign

citizen status and reject his responsibilities owed to the government while simultaneously enjoying the benefits of United States citizenship. *Sochia v. Federal-Republic's Cent. Gov't*, No. SA-06-1006-XR, 2006 WL 3372509, at *3 (W.D. Tex. Nov. 20, 2006) (tax case) (noting that, while claiming to be sovereign citizens, petitioners have had no difficulty enjoying the benefits of United States citizenship by receiving social security benefits, working at educational institutions that receive federal funds, and seeking recourse through the judicial system). For these reasons, courts routinely dismiss sovereign citizen claims. *See, e.g., Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law – not a single time."); *Sochia*, 2006 WL 3372509, at *5 (listing cases); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (Posner, J.) (noting that the sovereign citizen defense has no conceivable validity in American law). Accordingly, Defendants' motion to dismiss is GRANTED as to Mason's sovereign citizen claims.

### B.   R.I.C.O. Claim

Although Mason asserts a claim under the R.I.C.O. Act, his complaint is devoid of any facts or law to support this claim. Mason merely speculates that the Department of Public Safety conspired with Anderson in executing the sting operation that ultimately led to Mason's arrest on December 4, 2014. *Id*.

R.I.C.O. is primarily a criminal statute, but it does provide civil remedies to "[a]ny person injured in his business or property" by certain racketeering activities. 18 U.S.C. §§ 1962, 1964. Mason's complaint makes no reference to business or property damage sustained by any racketeering activities to provide a civil remedy as contemplated by the statute. Because Mason merely asserts legal conclusions and fails to include any factual allegations relevant to the civil remedies section of R.I.C.O., the court finds that Mason fails to plausibly allege a claim under R.I.C.O. *Twombly*, 550

5

U.S. at 555. Accordingly, Defendants' motion to dismiss is GRANTED as to Mason's R.I.C.O. claim.

C.     *Excessive Force Claim*

Mason's excessive force claim relates to the incident that occurred at Harris County Jail. Dkt. 1, Ex. 3 at 14. In addressing an excessive force claim brought under 42 U.S.C. § 1983, the court's analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979). The validity of the claim may then be judged by reference to the specific constitutional standard which governs that right and not a generalized "excessive force" standard. *Id*. Mason does not use the terms "excessive force" in his complaint nor does he identify the specific constitutional right that Defendants allegedly violated. *See* Dkt. 1, Ex. 13–16. Therefore, Mason fails to plausibly allege an excessive force claim.

Notwithstanding the deficiencies in Mason's complaint, Defendants further argue that the court should abstain from hearing Mason's constitutional claim under the *Younger* doctrine. Dkt. 6 at 25. In *Younger v. Harris*, the Supreme Court held that federal courts should decline jurisdiction over lawsuits when (1) the federal proceedings would interfere with an ongoing state judicial proceeding, (2) the state has an important interest in regulating the subject matter of the claim, and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. 401 U.S. 37, 43– 46, 54, 91 S. Ct. 746 (1971).

There is an ongoing state criminal proceeding related to the alleged use of force incident that Mason describes in his complaint, and the injunctions and declaratory judgments sought by Mason could interfere with that case. *See Samuels v. Mackell*, 401 U.S. 66, 72–73, 91 S. Ct. 764 (1971) (noting that a declaratory judgment issued while state proceedings are pending would result in a

6

"[c]learly improper interference" with the state proceedings).  Additionally, it is well settled that a state has a strong interest in enforcing its criminal laws.  *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) (finding that states have a strong interest in enforcing criminal laws).  Moreover, Mason has an adequate opportunity to raise an excessive force claim in the state criminal proceeding.  Therefore, in addition to finding that Mason failed to plausibly allege an excessive force claim, the court further finds that the *Younger* elements are all satisfied.  Accordingly, Defendants' motion to dismiss is GRANTED as to Mason's excessive force claims.

### D.    *Equal Protection*

In his complaint, Mason alleges that he was denied equal treatment because "[t]he wealthy/white communities are not being targeted."  Dkt. 1, Ex. 3 at 17.  However, Mason does not indicate the capacity in which he is suing Defendants nor does he articulate any theories of recovery in connection with his equal protection claim.

*1. Individual Capacity Claims*

With respect to his equal protection claim against Anderson, Mason alleges that the participants in his arrest were subject to Anderson's directions, supervision, and control.  Dkt. 1, Ex. 3 at 11.  With respect to his claim against Hickman, Mason alleges that Hickman failed to supervise and control law enforcement officers whom engage in corrupt practices such as beating and killing inmates.  *Id*. at 14.  Mason has not made any specific allegations against the Commissioners Court.  Except for approving its budget, the Commissioners Court exercises no power, control, or oversight over the Harris County Jail.  Dkt. 6 at 24.

Mason's allegations regarding Anderson's control over law enforcement officials, Hickman's supervision over correctional officers, and the Commissioners Court's budget approval relate solely to each defendant's *supervisory* liability.  However, Defendants enjoy qualified

immunity from these claims because there is no vicarious or supervisory liability in cases brought under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 676–77; *see also Rios v. City of Del Rio*, 444 F.3d 417, 425–26 (5th Cir. 2006) ("There is no vicarious or *respondeat superior* liability of supervisors under section 1983.")

Rather, a plaintiff must bring a § 1983 claim against a government official in his or her individual capacity and show that the government-official defendant, through the individual's own actions, has violated the constitution. *Iqbal*, 556 U.S. at 677. A plaintiff must show that either the supervisor was personally involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation. *Rios*, 444 F.2d at 425. Furthermore, it is facially evident that this test cannot be met if there is no underlying constitutional violation. *Id*.

Mason does not assert any factual allegations connecting any defendant's individual conduct to a constitutional violation. Indeed, Mason does not even identify which constitutional right Defendants have allegedly violated. Because Defendants enjoy qualified immunity and Mason has not plausibly alleged that Defendants were personally involved in violating a constitutional right, Defendants' motion to dismiss is GRANTED as to Mason's equal protection claims against Defendants in their individual capacities.

### 2. Official Capacity Claims

Mason also appears to assert claims against Defendants in their official capacities. The court will abstain from hearing these claims under the *Younger* doctrine. As stated above, Mason is currently awaiting his criminal trial in state court relating to both of the incidents made the bases of this lawsuit. The *Younger* doctrine applies to equal protection allegations against Defendants in their official capacities in the same way that it applied to Mason's excessive force claims.

Therefore, the court will abstain from hearing these claims because the injunctive and declaratory relief that Mason is seeking in this civil case could interfere with the ongoing state criminal proceedings in which Mason has an adequate opportunity to raise his constitutional challenges. *See Younger*, 401 U.S. at 43–46. Accordingly, Defendants' motion to dismiss is GRANTED as to Mason's equal protection claims against Defendants in their official capacities.

### III. CONCLUSION

Defendants' Joint Motion to Dismiss for Failure to State a Claim (Dkt. 6) is GRANTED. All claims asserted against Defendants in their individual capacities are DISMISSED WITH PREJUDICE. All claims asserted against Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on August 18, 2016.

_____
Gray H. Miller
United States District Judge